Pvt. 1st Cl. David D. HARRIS, Petitioner-Appellant,

v.

James R. SCHLESINGER, Secretary of Defense, et al., Respondents-Appellees.

No. 75–1069.

United States Court of Appeals, Ninth Circuit.

Nov. 12, 1975.

David D. Harris, in pro. per.

John F. Cooney, Jr., Asst. U. S. Atty., San Francisco, Cal., for respondents-appellees.

## OPINION

Before BROWNING and CHOY, Circuit Judges, and SKOPIL,* District Judge.

CHOY, Circuit Judge:

Harris, an Army enlistee seeking discharge as a conscientious objector, appeals pursuant to 28 U.S.C. § 2253 from the denial by the district court of his petition for a writ of habeas corpus. We reverse and remand.

On January 25, 1974 Harris filed an application for discharge as a conscientious objector. His application led to a hearing before an investigating officer, an interview with an Army chaplain, and consideration by several officers in his chain of command, all of whom recommended disapproval on the ground that Harris did not hold his beliefs with a depth sufficiently pervasive and profound. The case file was sent to the Department of the Army Conscientious Objector Review Board (Board), which returned the matter on June 3, 1974, requesting more information from Harris and the interviewing chaplain. The sup-

plemented application was resubmitted to the Board, which disapproved it on July 30, 1974. The Secretary of the Army then ordered the application disapproved on August 1.

The chief issue presented by Harris's appeal is whether he was prejudiced by the Army's use of a revised regulation (AR 600-43) requiring an applicant to present "clear and convincing" evidence of his entitlement to conscientious objector status under applicable guidelines.[1] AR 600-43 was published on June 12, 1974, to be effective July 1, 1974. In its opinion of July 30 disapproving Harris's request, the Board explicitly stated that the application had been considered under the provisions of the revised regulation. AR 600-43.

The predecessor regulation (AR 635-20) made no mention whatsoever of any burden of proof. There was, however, an established standard reflected in case law. Under that standard, applicants were required to present a *prima facie* case for conscientious objector status, after which the burden passed to the Army to rebut the applicant's case. *See Sanger v. Seamans,* 507 F.2d 814, 816 (9th Cir. 1974); *Ward v. Volpe,* 484 F.2d 1230, 1235 (9th Cir. 1973).

To hold Harris to the burden of proof under the revised regulation would violate those minimal standards of "procedural regularity and fair play" applicable to administrative proceedings such as that reviewed here. *Gonzales v. United States,* 348 U.S. 407, 412, 75 S.Ct. 409, 99 L.Ed. 467 (1955); *Sanger v. Seamans,* 507 F.2d 814, 817 (9th Cir. 1974). Harris submitted his formal application several months before the publication and effec-

---

* Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation.

1. The relevant portion of AR 600-43 is section 1-4c, which reads as follows:

    The burden of establishing a claim of conscientious objection as grounds for separation or assignment to noncombatant training and service is on the applicant. To this end, the applicant must establish by clear and convincing evidence that the nature or basis of the claim comes within the definition of criteria prescribed herein for conscientious objection and that his beliefs in connection therewith are sincere. The applicant has the burden of determining and setting forth the exact nature of the request, i. e., whether for separation based on conscientious objection (1-0) or for assignment to noncombatant training and service based on conscientious objection (1-A-0).

tive date of AR 600–43. In presenting his case, he was entitled to rely on the burden of proof standard that existed at the time. It is evident that he did not prepare his application to face the burden of proof test by which the Board judged it.[2] It seems inherently unfair for an application to be filed under one set of rules, then turned down under a new, tougher standard.

We hold, therefore, that Harris's application for discharge on conscientious objection grounds, filed prior to the publication of AR 600–43 on June 12, 1974 and diligently pursued thereafter, should be judged by the burden of proof standard in use under AR 635–20. In so holding we do not say that a serviceman has a vested right in the continuance of any given regulation. The issue here is not continuation so much as it is retroactivity.

Moreover, we are dealing here with a unique regulation. The conscientious objector provisions were promulgated for the benefit of the serviceman, rather than of the Army. *See Silverthorne v. Laird,* 460 F.2d 1175, 1186 (5th Cir. 1972). There is no constitutional or statutory requirement that the armed forces provide a procedure for release of servicemen whose conscientious objections crystallized after they were inducted. But such a procedure at least reflects a na-

tional policy, expressed by Congress in the Selective Service Act of 1967, 50 U.S.C. App. § 456(j), not to subject bona fide conscientious objectors to combatant training and service in the armed forces. *Turpin v. Resor,* 452 F.2d 240, 241 (9th Cir. 1971). Given this context, the serviceman has a particular claim to fair play and procedural regularity in the application of the conscientious objector provision to a degree that may not apply to other regulations.

The Government argues that Harris was not prejudiced by the use of the incorrect rule and that the denial of the petition by the district court should be affirmed anyway, contending that the record shows a basis in fact for rejecting Harris's application for conscientious objector discharge under either standard. We disagree. Even if the facts might support denial of the application under the old regulation, it is for the Board and not the court to make that determination. The Board's opinion specifically states that Harris's application was considered under the provisions of AR 600–43. We cannot say for certain that the Board would deny the application were it to apply the correct standard, so the matter must be returned to it for a proper consideration.

Reversed and Remanded for further proceedings consistent with the views expressed herein.

**2.** The Government's alternative suggestion that Harris's case be returned to the Board for a second review under the new standard with Harris to be given an opportunity to present additional material in light of the change in burden of proof would thus be inadequate, *even if the new standard could be applied.* From the first, Harris apparently shaped his application, including his interviews with his commanding officer, the chaplains, and the hearing officer, to meet what he perceived to be his burden of establishing a *prima facie* case. To give him a fair opportunity to present his request under the new regulation he would have to be allowed to begin the process again from scratch. The fact that over 21 months have elapsed since Harris initially filed *his application and that beginning the process anew under the revised test would seriously lengthen the delay supports our decision to avoid a complete recycling.*